Ida Kaempfer, Appellant,  
vs.  
Estate of Emma Glaeser, Appellee.

Probate Appeal No.

March 12, 1928

CAPOTOSTO, J. The deceased, Emma Glaeser, who had lived most of her life in Lawrence, Massachusetts, spent the few years between the date of the alleged will, that is, May 2, 1921, and December 30, 1926, the date of her death, visiting relatives in different places for appreciable if indeterminate periods.

The testatrix, at or about the time she came to stay with a blood relative who was married to a non-commissioned officer stationed at Fort Adams in this State, sold as much of her furniture as possible and rented her home in Lawrence, Massachusetts. She left the government reservation from time to time either to visit other relatives or to return to Lawrence for financial or sentimental reasons. At the time of her death she was living at Fort Adams.

Emma Glaeser's will was executed in Lawrence, Massachusetts, in compliance with the Wills Act of that Commonwealth. In January 1927 the will was offered for probate in Newport by Andrew A. Hagan, an attorney from Lawrence. The Probate Court for the City of Newport caused the usual notice to be given and further issued two citations for the taking of depositions, which were in fact taken. When the firm of Nolan & Nolan was retained by the executor as local counsel, a petition was filed by the Newport lawyers setting forth that the Probate Court of the City of Newport was without jurisdiction in the matter. On June 16, 1927, the petition to probate the will of Emma Glaeser was dismissed by the Probate Court of the City of Newport for want of jurisdiction. From this decision an appeal was taken to this court.

From the evidence presented it is quite apparent that although the testatrix may have found it advisable, convenient or even necessary to live for some indefinite time with this or that relative, she always considered the City of Lawrence, Massachusetts, as her home. There was what remained of her property, and there also were located those friends of earlier life,

who, in her later years, she intermittently returned to visit for memory's sake, if nothing more. Furthermore, she was at no time a resident of the City of Newport. True, she lived for some considerable time at Fort Adams, but, inasmuch as this is admittedly government property and solely under the control and jurisdiction of the United States authorities, she in no legal sense ever resided in that city. The conclusion reached from the facts in evidence is that at the time of her death Emma Glaeser was a domiciled resident of the City of Lawrence, Massachusetts, and not of Newport, Rhode Island.

The appellant insists, however, that the appellee having presented its petition for the probate of the will to the Probate Court of the City of Newport, and having invoked its assistance in the different citations for deposition, the Court acquired jurisdiction in fact which the appellee cannot now disclaim. The rather unusual condition of a party challenging the jurisdiction of the tribunal which it has itself invoked undoubtedly is due in this case to the conduct of a foreign attorney unacquainted with or misinformed as to local conditions. As soon as the firm of Nolan & Nolan was retained, the anomalous situation was discovered and proper proceedings were instituted to correct the original error.

The theory of the appellant is untenable. While it is conceded that where a choice of jurisdictions exists the one first chosen retains control, yet this situation must not be confused with one where no jurisdiction exists at all. It needs no citation of authorities to substantiate the proposition that no act of the parties themselves can confer jurisdiction upon a tribunal in matters over which it has no jurisdiction in law. In this case an attorney from Massachusetts, perhaps in his zeal for his client, overlooked the practical consideration of consulting some one familiar with local conditions at the very outset of the proceedings. The appellant, on the other hand, cannot complain too harshly, because she in turn chose to remain quiescent while the proceedings now urged in her favor were going on.

Upon a consideration of all the circumstances in the case, this Court is of the opinion that the Probate Court of the City of Newport was without jurisdiction to act in the matter of the will of Emma Glaeser. The order of the Probate Court of June 16, 1927, granting the appellee's motion to dismiss the original petition to probate the will of Emma Glaeser on the ground of lack of jurisdiction is affirmed and the appeal is dismissed.

For appellant: Mortimer A. Sullivan.

For appellee: Nolan & Nolan.